```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
CONCETTO MORABITO,

               Petitioner,      09 Civ. 897 (JGK)

   - against -                MEMORANDUM OPINION
                                         AND ORDER
NEW YORK STATE DIVISION OF PAROLE,
ET AL.,

               Respondents.
---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-7-10

JOHN G. KOELTL, District Judge:

    The Court has received the attached letter from the respondent, which it forwards to the petitioner. In the petitioner's petition for a writ of habeas corpus, he challenged the revocation of his parole. The respondent reports that the petitioner has now been released from custody, again on parole. The petitioner should advise the Court by **April 21, 2010** whether he intends to pursue his habeas petition. If the petitioner intends to continue with his habeas petition, he should, by **April 21, 2010**, show cause why his habeas petition should not be dismissed as moot for no longer presenting a case or controversy pursuant to Article III, Section 2, of the U.S. Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998).

SO ORDERED.

Dated:    New York, New York
           April 6, 2010

                                        John G. Koeltl
                                     United States District Judge



STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO　　　　　　　　　　　　　　　　　　　　　　　　　　Division of Appeals and Opinions
Attorney General　　　　　　　　　　　　　　　　　　　　　　　　　　　　Federal Habeas Corpus Section

April 2, 2010

**BY MAIL**

Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

　　　　　　　　Re:　Morabito v. N.Y.S. Div. of Parole, No. 1:09-cv-00897-JGK

Your Honor:

　　　　I am the Assistant Attorney General assigned to represent the respondent in the above-referenced matter. In response to your Order, dated April 1, 2010, I enclose a copy of the habeas petition filed in this case.

　　　　According to the website of the New York State Department of Correctional Services, petitioner was released to parole on December 31, 2009. Because petitioner did not leave a forwarding address on the record, respondent is unable to serve petitioner with a copy of this letter.

　　　　Respondent would note, moreover, that petitioner's release to parole appears to moot his habeas petition. The petition does not challenge petitioner's underlying judgment of conviction or sentence, but challenges only the revocation of petitioner's parole pursuant to a decision, dated November 30, 2007, by an administrative law judge of the New York State Division of Parole. Absent evidence of collateral consequences from the parole revocation, which consequences are not presumed, the

petition is moot. See Spencer v. Kemna, 523 U.S. 1, 8-15 (1998); accord, e.g., Fells v. Breslin, No. 04 Civ. 03849, 2007 WL 675081, at *2-3 (E.D.N.Y. Feb. 26, 2007).

                                                  Respectfully,

                                                  Paul B. Lyons (PL 5036)
                                                  Assistant Attorney General
                                                  (212) 416-8229

THE UNITED STATE DISTRICT COURT
NORTHEN DISTRICT OF NEW YORK.

In the matter of the application of

Concetto Morabito
Din # 02A0057 / N.Y.S.I.D. # 8533241-Y

- Against -

The New York State Division of Parole
The New York State Department of Correctional
Service.

09 CV 897

NOTICE OF PETITION
FOR WRIT OF HABEAS
CORPUS.

Index No. _____

TO: The Honorable Court Justices
United State District Court
Northen District of New York.
10 Board Street
Utica, New York. 13501.

FILED
AUG 29 2008
AT ____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Sirs,

PLEASE TAKE NOTICE Hereby Given, that upon the annexed petition of **Concetto Morabito** # 02A0057 / N.Y.S.I.D. # 8533241-Y, verified on the 22nd Day of August, 2008 at 9:30 O'Clock in the afternoon - prevailing time, or as soon thereafter as can be heard. The undersigned shall apply to the United State District Court of the Northen District of New York located at The Alexander Pirnie Federal Building at - 10 Board Street Utica N.Y. 13501. for an order pursuant to People V. Bachert 69 N.Y.2d 593, 516 N.Y.S 2d 623 (1987). For issuance of a Petition of Writ of Habeas Corpus and for such other and further relief as this Court shall deem just, proper and equitable in such case.

**NOTICE is Hereby Given Further that**, demand Pursuant to CPLR **Artical 22**, Section 2214 (b), as amanded is hereby made that any and all oppositions or otherwise answers shall be and received at least (7) days prior to the above requested return date or as affixed by the Court.

DATED: August 22, 2008.

**FRANKLIN CORRECTIONAL FACITILY**
62 Bare Hill Road
P.O. Box 10
Malone, New York. 12953.

RESPECTFULLY SUBMITTED:

*Concetto Morbito*
CONCETTO MOROBITO # 02A0057.

Sworn to before Me this
22nd Day of August, 2008.

*Maureen Layhee*
Notary public.

MAUREEN LAYHEE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN CLINTON COUNTY
REG. NO. 01LA4975722
COMMISSION EXPIRES DEC. 17, 2010

**THE UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK.**

In the matter of the Application of

    **Concetto Morabito**
    Din # 02A0057 / N.Y.S.I.D. #8533241-Y

    - Against -

**THE NEW YORK STATE DIVISION OF PAROLE**
**THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL**
**SERIVCES.**

**AFFIDAIVT IN SUPPORT OF**
**WRIT OF HABEAS CORPUS.**

Index No. _____

**THE UNITED STATES DISTRICT COURT** ) SS:.
**NORTHERN DISTRICT OF NEW YORK.** )

SIRS:

    **PLEASE TAKE NOTICE THAT, I Concetto Morabito # 02A0057** being duly Sworn on this 22nd Day of August, 2008 desposes and says:

    1.) That I **Concetto Morobito** the petitioner makes this Application herein for a **WRIT of HABEAS CORPUS**. That the place where the said - **Concetto Morobito** is being imprisoned and restrained of his liberty is the New York State Department of Correctional Serivces at the Frankin Correctional Facility, located at 62 Bare Hill Road, Malone, New York. 12953.

    That the Officer by whom petitioner is so detained is the Superintendent.

    That the imprisonment and restraint of the said **Concetto Morabito** is by virtue of a **Mandate** which can not be produce at this time.

    2.) That the cause or pretense of detention of the said **Concetto - Morobito** accordind to the best knowledge and belief of petitioner is a **Parole Violation** in which the petitioner received in the amount of **36 months**, on October 18, 2007.

    See: <u>Statement of facts/and Exhibit "A"</u>.

3.) That a Court or Judge of the United States dose not have exclusive jursdiction to Order the said petitioner **Concetto Morabito** released.

4.) That the detention of the said **Concetto Morabito** is illegal in that the New York State Division of Parole violated the petitioners 5th and 14th Amendments which are guaranteed by the **United States Constitution**.

5.) Although I am personaly familiar with all of the facts and statements herein stated to the best of my knowledge information and belief, I am a laymens person in the matter of law of the New York State, and seek's this Courts indulgence for the errors, defects, ommission, and irregularities, Pursuant to the Civil Practice Laws and Rules of Section 2001 and 2101 (F).

## STATEMENT OF FACTS.

At the time of petitioners alleged violation of Parole Release petitioner was serving a 3 to 9 year sentence based on a conviction for the **Nonviolant Crimes** of C.S.C.S. 3rd Degree and C.P.C.S. 4th Degree.

( Key Word **Nonviolant** )

On October 18th, 2007., A Final Revocation Hearing was held at the Rikers Island Administrative Court, and the **Honorable Judge Tomlinson** sustained the following **Charges: 1,2,3, and 5.**

**Charge # 1.)** Petitioner violated rule #2 of the rules governing parole when he failed to report as directed.

**Charge #2.)** Petitioner violated rule #13 of the rules governing parole when he failed to be at his approved address during his mandated curfew.

**Charge # 3.)** Petitioner violated rule #13 of the rules governing parole when he was not at his approved residence.

"PLEASE LET THE RECORD SHOW, that the forementioned 3 (three) **Charges** governing parole are Technical Violation under the **N.Y.C.R.R.** Tit. 7 thur 9 - and are only punishable for up to **One Year**."

**Charge # 5.)** Petitioner violated rule #8 of the rules Governing parole when he allegedly assauited his Common Law Wife Ms. Rita Khabazz thus causing her nose to break and bruising.

Here the Petitioner is contesting the matter of **Charge** number 5 on the grounds that the allege Assault never happened, furthermore there was - never any **Credible Evidence to Support a Criminal Charge**. This Case was Dismissed by the **Kings County Criminal Court.**

Here the Petitioner prays for a Writ of Habeas Corpus on the grounds:

1.) That the detention of the said **Concetto Morabito # 02A0057** is illegal in that the New York State Division of Parole violated petitioners 5th and 14th Amendments of the United States Constitution when they addmitted false information into the record of proceeding, namely **Charge #5**.
[ See Exhibit A Appellants Brief.]

2.) That the said detention of the said **Concetto Morabito # 02A0057** is also illegal in that the State of New York Division of Parole violated the **N.Y.C.R.R. Tit. 9. Section 8006.3 (b) (1).**, when hearsay testimony was used to make and classify petitioner into appearing to be a **Violant Feloney Ofender**, and thus placed petitioner in an **unconstitutional** violation from the Right of protection against **Double Jeopardy**.

3.) That the said detention of the Petitioner **Concetto Morabito, # 02A0057** is illegal in that the New York State Division of Parole labled petitioner as a Violant felone, when the petitioner has **never** been - Convicted of any such charge.

[ <u>**See Petitioners Rap Sheet/ Crimeal Records**</u> ]

4.) Here this Petitioner prays to this Court to strike the illegal information concerning **Charge #5, <u>Removing</u>** such information from the record of proceedings, and <u>**Releasing Petitioner back to Parole Supervision**</u>.

5.) That no previous application has been made for Writ herein.

6.) That no appeal has been taken from any order or Judgement in any Actionor proceedings against said **Conetto Morabito #02A0057,** whereby petitioner has been in prisoned of his liberty.

7.) This legal document is hereby submitted to this Court in - accordance with the ruling: United States Supreme Court dicision of **Bounds V. Smith 97 S,ct. Pg. 1491;** and all the **Constitutional** Provisions therein mentioned regarding indigent inmate access to the Court under - **U.S.C.A. CONST. AMEND 14.**

**WHEREFORE:**

Petitioner prays that a Writ of Habeas Corpus be granted and issued requiring the **Release** of the said Petitioner **Concetto Morabito - #02A0057 to Parole Supervision,** and for whatever this Court deems just and proper in the light of Justice.

RESPECTFULLY SUBMITTED:

*[signature]*

CONCETTO MORABITO #02A0057.
Franklin Corr Fac.
62 Bare Hill rd.
P.O.Box 10
Malone N.y. 12953.

Sworn to before Me this
22nd Day of August, 2008.

*[signature]* Maureen Laylee
Notary Public.

MAUREEN LAYHEE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN CLINTON COUNTY
REG. NO. 01LA4975722
COMMISSION EXPIRES DEC. 17, 20 10

```
DATE    03-05-08                                                      PAGE    13
                                        NYSID   8533241Y
```

```
                < < < < < < < CRIMINAL HISTORY > > > > > > >
---------------------------------------------------------------------------------
!      ARREST         !  ARREST/ARRAIGNMENT CHARGES  !     DISPOSITION AND       !
!   INFORMATION       !                              !      RELATED DATA         !
---------------------------------------------------------------------------------
ARR DT/PL 07-10-07 !ASLT W/INT CAUSES PHYS INJURY !  * * * DOMESTIC CASE * * *
NYCPD 61           !PL    120.00         SUB 01   !11-13-07   CRIM COURT KINGS
                   !CLASS A MISD         NCIC 1399!           CASE # 2007KN051720
CRM DATE: 06-03-07 !  .   .   .   .   .   .   .   !DISMISSED CPL160.50
CRIME PLACE:       !                              !
NYCPD 61           !    - - ARRAIGNMENT - -       !THE FOLLOWING CHARGE(S):
                   !                              !ASLT W/INT CAUSES PHYS INJURY
ARR#/AGY K07661086 !ASLT W/INT CAUSES PHYS INJURY !PL    120.00         SUB 01
NYCPD PCT 061      !PL    120.00         SUB 01   !CLASS A MISD         NCIC 1399
                   !CLASS A MISD         NCIC 1399!
CRT CON# 59247217L !                              !MENACING-2ND:WEAPON
                   !MENACING-2ND:WEAPON           !PL    120.14         SUB 01
FAX NO    K054177  !PL    120.14         SUB 01   !CLASS A MISD         NCIC 1316
                   !CLASS A MISD         NCIC 1316!
                   !                              !CRIM POSS WEAP-4TH:INT TO USE
                   !CRIM POSS WEAP-4TH:INT TO USE !PL    265.01         SUB 02
                   !PL    265.01         SUB 02   !CLASS A MISD         NCIC 5212
                   !CLASS A MISD         NCIC 5212!
                   !                              !ATTEMPTED ASSAULT 3
                   !ATTEMPTED ASSAULT 3           !PL    110/120.00     SUB 01
                   !PL    110/120.00     SUB 01   !CLASS B MISD         NCIC 1399
                   !CLASS B MISD         NCIC 1399!
                   !                              !MENACING-3RD
                   !MENACING-3RD                  !PL    120.15         NO SUB
                   !PL    120.15         NO SUB   !CLASS B MISD         NCIC 1316
                   !CLASS B MISD         NCIC 1316!
                   !                              !HARASSMENT-2ND:PHY CONTACT
                   !HARASSMENT-2ND:PHY CONTACT    !PL    240.26         SUB 01
                   !PL    240.26         SUB 01   !      VIOL           NCIC 7099
                   !      VIOL           NCIC 7099!
                   !                              !11-15-07   CRIM COURT KINGS
                   !                              !           CASE # 2007KN051720
                   !                              !SEALED UPON TERMINATION OF
                   !                              !CRIMINAL ACTION IN FAVOR OF
                   !                              !THE ACCUSED CPL160.50
                   !                              !
                   !                              !07-10-07   CRIM COURT KINGS
                   !                              !           CASE # 2007KN051720
                   !                              !INITIAL REPORT OF DOCKET
                   !                              !NUMBER
                   !                              !
                   !                              !07-10-07   CRIM COURT KINGS
                   !                              !           CASE # 2007KN051720
                   !                              !ARRAIGNED
                   !                              !
                   !                              !
                   !                              !ATTORNEY TYPE: LEGAL AID
---------------------------------------------------------------------------------
```

WHERE AN INDIVIDUAL IS SENTENCED JUNE 1, 1981, OR LATER, ON MORE THAN ONE
CHARGE WITHIN A DOCKET, THE SENTENCES MAY BE CONSIDERED TO BE CONCURRENT
UNLESS IDENTIFIED AS CONSECUTIVE.

A 'DOMESTIC CASE' BANNER ON THE RAPSHEET INDICATES THAT A NEW YORK STATE
DOMESTIC INCIDENT REPORT WAS COMPLETED FOR THIS CASE.

## PRELIMINARY STATEMENT

This is an appeal from a determination of the New York State Board of Parole (the "Board"), dated, October 18, 2007, which following a hearing at Rikers II sustained Charge Number 5, that he assaulted his girlfriend, Rita Khabbaz.

## STATEMENT OF FACTS

At the time of petitioner's alleged violation of parole release, he was a 28-year old male serving a 3-0-0/9-0-0 year sentence based on his convictions for the nonviolent crimes of CSCS, 3rd Degree and CPCS, 4th Degree. He was sentenced on 12/13/2004 in Richmond Supreme Court. His ME date was 11/23/2010.

Petitioner was declared delinquent on June 20, 2007.

At the time of petitioner's alleged violations, he had served one year, one month and 22 days time on parole, and, owed time of 3 years, 5 months and 20 days.

The charges of violation of parole release brought against petitioner are as follows: (1) Charge 1, namely, that petitioner violated rule #2 of the rules governing parole in that on 6.20/2007 and thereafter he failed to make his office report as directed; (2) Charge 2, namely, that petitioner violated rule #13 of the rules governing parole in that on 6/22/07 at 5:00 a.m. he was not in his approved residence of 624 Darlington Avenue, Staten Island, NY during his mandated hours of curfew of 9p.m.- 7a.m. 7 days a week; (3) Charge 3, namely, that petitioner violated rules governing parole in that on 6/22/07 at 5:00 a.m. he was not in his approved residence of 624 Darlington Ave, Staten

Island, NY during his mandated hours of curfew of 9 p.m.-7a.m., 7 days a week; (4) Charge 4, namely, that petitioner violated rule #4 of the rules governing parole in that on or before 6/22/07 petitioner changed his approved residence of 24 Darlington Avenue, Staten Island, NY without immediately notifying his parole officer; (5) Charge 5, that petitioner violated rule #8 of the rules governing parole in that on 6/3/2007 at 12:30 a.m. at 511 Lake Street, Brooklyn, NY he assaulted his girlfriend Rita Khabazz causing her nose to break and bruising; and (6) Charge 6, namely, that petitioner violated rule #13 of the rules governing parole in that on 6/3/2007 at 12:30 A.M he was not in his approved residence of 624 Darlington Ave, Staten Island, NY during his mandated hours of curfew of 9 p.m.-7 a.m., 7 days a week. See Violation of Release Report annexed hereto as Exhibit "A."

Charge # 5 resulted in petitioner's arrest for misdemeanor assault charges that were dismissed by the Court. Annexed hereto as Exhibit 'B' is a copy of the disposition on the aforesaid charges.

Petitioner entered a plea of not guilty to all charges alleged in the violation of release report.

A Final Revocation Hearing was held on October 18, 2007 before Administrative Law Judge Tomlinson. Annexed hereto as Exhibit 'C' is a copy of said administrative hearing.

At said hearing, petitioner's Parole Officers, O'Connor and Cohen, testified, as well as Police Officer Budhoo, who responded to petitioner's girlfriend's house in connection with the alleged assault. See Exhibit "A".

Although properly notified, petitioner's girlfriend, Rita Khabazz, did

not testify at the hearing.

Upon completion of the aforesaid revocation hearing, Administrative Law Judge Tomlinson sustained Charges 1, 2, 3, and 5. See Exhibit "A"

As a result of the sustaining of the aforesaid charges, Administrative Law Judge Tomlinson imposed 36 months of delinquent time assessment. See Exhibit 'A'.

As a result of petitioner's conviction, his category changed from nonviolent to violent, more specifically, he was deemed a Category 1 Violator, i.e., a current sustained violation involving the infliction or attempted infliction of physical injury upon another. See Exhibit 'A'.

As stated above, by virtue of this proceeding petitioner challenges the sustaining of Charge #5.

For the reasons demonstrated below, respondent failed to sustain its burden that petitioner violated Charge #5 by a preponderance of the evidence. See NYCRR Tit. 9 Section 8006.3(b)(1).

## LEGAL ARGUMENT

### POINT I

### RESPONDENT FAILED TO ESTABLISH THAT PETITIONER VIOLATED CHARGE #5 BY A FAIR PREPONDERANCE OF THE CREDIBLE EVIDENCE, RATHER IT REACHED ITS CONCLUSION BASED SOLELY UPON HEARSAY EVIDENCE

NYCRR Title 9 and the case law of this state interpreting that regulation has made it pellucidly clear that in order for the Board of Parole to sustain its burden that an inmate has violated a rule governing parole, it must establish such violation by a fair preponderance of the credible evidence.

The law of this state makes it equally clear that a violation of parole cannot be sustained based solely upon hearsay evidence.

A review of the hearing transcript (Exhibit 'C') makes it patently clear that respondent did not meet its burden of sustaining Charge #5, the assault charge, by a fair preponderance of the credible evidence.

It is equally clear that in sustaining Charge #5, the preponderance (the greater weight) of the credible evidence relied upon by Administrative Judge Tomlinson in sustaining Charge #5 was pure unadulterated hearsay.

No testimony was proffered at the hearing that petitioner assaulted his girlfriend or indeed acted in any manner injurious to her health.

To the extent that Officer Budhoo testified as to petitioner having assaulted his girlfriend, such testimony relied solely upon what the girlfriend allegedly told him, allegations that comprise the poster child for hearsay testimony.

The court acknowledged that what the girlfriend told Officer Budhoo constituted pure hearsay and thus was inadmissible.

Absent the girlfriend testifying that petitioner assaulted her, or, a witness who observed the alleged assault, respondent cannot sustain its burden of proving by a fair preponderance of the credible testimony that petitioner violated Charge #5.

Neither the girlfriend, nor any eyewitness testified at petitioner's hearing.

The fact that the police officer took notes of what the girlfriend reported does not remove her statements from the posture of rank hearsay. Nor does it fit into any exception to the hearsay rule.

Any argument by respondent that the girlfriend's statement fits within the exception of an excited utterance must be dismissed as unavailing.

At Petitioner's hearing counsel for respondent never offered the girlfriend's statements as an excited utterance, and, in any event, the testimony proffered does not comprise the requisite legal foundation for establishing an excited utterance as an exception to the hearsay rule.

In light of the foregoing, it is patently clear that respondent failed to sustain its burden of demonstrating that petitioner violated Charge #5 by a fair preponderance of the credible evidence.

For the reasons demonstrated herein, it is likewise patently clear that the court's finding that petitioner violated Charge #5 was based entirely, if not upon a preponderance, of hearsay evidence.

In view of the foregoing, the sustaining of Charge #5 must be

annulled, and upon such annulment petitioner restored to a Category I Violator, and accordingly his delinquent time assessment be reduced to no greater than one year, and that petitioner be credited with time served toward that assessment.

## CONCLUSION

For each and all of the foregoing reasons, the Board's determination should be reversed and Charge #5 must be dismissed.

Dated: New York, New York
    July 23, 2008

                                                        STEPHEN N. DRATCH, ESQ.
                                                        Franzblau Dratch, P.C.
                                                        *Attorney for the Appellant*
                                                        233 Broadway, Suite 2701
                                                        New York, New York 10279
                                                        (212) 571-1808